IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-09-181-D |
| | ) | |
| VERNON ESTES, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter comes before the Court for consideration of Defendant's *pro se* Motion for Relief [Doc. No. 47], filed pursuant to Fed. R. Civ. P. 60(b)(6) on February 25, 2011. Upon review of the case record, the Court finds that the cited procedural rule has no application in this criminal case, in which no prior application for post-conviction relief has been made.[1]

On July 21, 2009, Defendant pled guilty to a one-count Indictment charging him with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). He was sentenced on February 18, 2010, to a 120-month term of imprisonment. The judgment was entered on February 24, 2010. No appeal was taken, and no other post-judgment filing has been made by Defendant.

Liberally construing the Motion, Defendant seeks relief from his criminal sentence on the ground it is unconstitutional under *United States v. Booker*, 543 U.S. 220 (2005), and other cases,

---

[1] A Rule 60(b) motion for relief from a judgment denying habeas relief may be available in limited circumstances. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005) ("Rule 60(b) has an unquestionably valid role to play in habeas cases"); *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) (applying *Gonzalez* in § 2255 proceeding).

because it was based on facts not proved beyond a reasonable doubt.[2] Defendant contends his attorney argued incorrectly at sentencing that the facts used to enhance his sentence could be determined by the judge by a preponderance of the evidence and, as a result, he was sentenced to a term of imprisonment greater than the statutory maximum otherwise applicable to his offense of conviction. For relief, Defendant "requests a hearing to be set and have the sentence set aside for further proceedings in regard to the Booker doctrine." *See* Motion [Doc. 47] at 7.

It is unclear why Defendant relies for his Motion on a rule of civil procedure rather than 28 U.S.C. § 2255.[3] However, the law is clear that, because Defendant asserts a type of claim cognizable under § 2255, the statute provides his exclusive remedy for relief from his sentence.[4] *See*, *e.g.*, *United States v. Torres*, 282 F.3d 1241, 1245-56 (10th Cir. 2002) (§ 2255 provided exclusive remedy for *Apprendi* claim); *see also Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). The question thus becomes whether the Court should recharacterize the Motion as one brought under § 2255.

The court of appeals has discouraged district courts from *sua sponte* recharacterizing defendants' *pro se* pleadings as § 2255 motions, and has adopted a procedure to be followed. *See Torres*, 282 F.3d at 1245; *see also United States v. Kelly*, 235 F.3d 1238, 1241 (10th Cir. 2000). The court held in *Kelly* that "district courts should use the procedure adopted in *Adams* [*v. United States*,

---

[2] Defendant also cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004).

[3] Defendant may believe the one-year time limit applicable under § 2255(f) has expired. However, the limitations period runs from "the date on which the judgment of conviction becomes final." *See* 28 U.S.C. § 2255(f)(1). In this case, the judgment entered on February 24, 2010, became final on March 10, 2010, when the time for filing an appeal expired. Thus, the one-year period extends through March 10, 2011.

[4] The Court notes that Defendant entered into a plea agreement with the government that contained a waiver of his right to appeal or collaterally challenge his sentence. The Court expresses no opinion on whether a § 2255 motion may be barred by this waiver.

155 F.3d 582 (2d Cir. 1998),] for dealing with pro se post-conviction motions not expressly made under § 2255:

> [D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized."

*Kelly*, 235 F.3d at 1242 (quoting *Adams*, 155 F.3d at 584).

Accordingly, in keeping with this procedure, the Court advises Defendant that the relief sought by his Motion is available, if at all, only by a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Defendant may elect either to withdraw his pending Motion or to have it characterized and considered by the Court as a § 2255 motion. In considering these two options, Defendant should consider that, if he proceeds with his Motion under § 2255, a subsequent motion would be considered a second or successive § 2255 motion and could be barred under § 2255(h) and 28 U.S.C. § 2244.

IT IS THEREFORE ORDERED that Defendant must advise the Court in writing whether he wishes to withdraw his Motion or proceed under 28 U.S.C. § 2255. If no written notice of his election is received by April 4, 2011, the Court will consider Defendant's Motion for Relief [Doc. No. 47] as a § 2255 motion and direct the government to respond accordingly.

IT IS FURTHER ORDERED that Defendant's Motion to Amend Previously Submitted Rule 60(b) Motion for Relief of Judgment [Doc. No. 48] is DENIED. If Defendant elects to proceed under § 2255, the government may be required to furnish any necessary transcripts that are not in the case record, pursuant to Rule 5 of the Rules Governing Section 2255 Proceedings.

IT IS FURTHER ORDERED that Defendant's Application to Proceed *In Forma Pauperis* [Doc. No. 49] is DENIED as moot. There is no filing fee, or other court fees, associated with his Motion for Relief, even if it proceeds as a § 2255 motion.

IT IS SO ORDERED this 4th day of March, 2011.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE