IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-09-181-D |
| | ) | (Case No. CIV-11-377-D) |
| VERNON FRANCIS ESTES, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

The matter before the Court is Defendant Vernon Francis Estes' *pro se* Motion for Relief [Doc. No. 47], which the Court has previously decided to construe as a motion to vacate, set aside, or correct sentence pursuant 28 U.S.C. § 2255.  *See* Order 4/6/11 [Doc. No. 53].  Defendant seeks relief from the 120-month prison sentence imposed upon his guilty plea to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).  The government has responded to the motion and has moved to enforce Defendant's plea agreement, which contained a waiver of his right to appeal and to bring a collateral challenge of his conviction and sentence. Defendant has responded by filing a "Traverse" [Doc. No. 56] in which he materially alters his original contentions in a manner designed to avoid his waiver.  Notwithstanding Defendant's effort to recast his § 2255 motion, the Court finds that it should be dismissed.[1]

---

[1] No hearing is needed when the existing case record shows that a defendant is not entitled to relief. *See* 28 U.S.C. § 2255; *see also Hedman v. United States*, 527 F.2d 20, 22 (10th Cir. 1975) (no evidentiary hearing necessary when a movant's allegations merely contradict earlier statements).

**A.     Factual Background**

On May 12, 2009, a criminal complaint was filed accusing Defendant of committing a violation of 18 U.S.C. § 922(g)(1). On June 3, 2009, a grand jury returned a one-count Indictment charging Defendant with this offense. Defendant subsequently accepted the government's offer of a plea agreement that contained certain stipulations with respect to the Sentencing Guidelines, as well as a written waiver of Defendant's rights to appeal and collaterally attack his guilty plea and sentence. On July 21, 2009, the Court conducted a change of plea hearing, and afer a careful inquiry into Defendant's understanding of his rights and the decision to plead guilty, the Court approved Defendant's waivers and accepted his guilty plea. Specifically, the Court found that Defendant had entered the plea "voluntarily and with full understanding of the rights being given up, and that there is a factual basis for [the] plea." *See* 7/21/09 Hr'g Tr. [Doc. No. 55-1], 16:4-6. While awaiting the preparation and disclosure of the presentence report, Defendant communicated by letter to the Court a request to withdraw his guilty plea. However, after objections to the presentence report and a motion for downward departure were filed, Defendant, through counsel, notified the Court of his desire to proceed with sentencing.

On February 18, 2010, Defendant appeared before the Court for his sentencing hearing. The Court began the hearing by inquiring of Defendant personally regarding his desire to stand on his guilty plea and proceed with sentencing. Defendant again admitted his guilt of the charge but expressed concern that the presentence report added other allegations of illegal conduct to which he objected. *See* 2/18/10 Hr'g Tr. [Doc. No. 55-2], 5:14-18. Only after Defendant had assured the Court that he understood the proceedings and wished to continue with the hearing did the Court turn to the resolution of sentencing issues. *See id.* 7:22-8:11. The Court then received evidence offered

by the prosecution regarding Defendant's objections to the presentence report, including the testimony of witnesses. The government's witnesses were the probation officer who wrote the report and two case agents who had investigated the incident surrounding the offense conduct; the alleged female victim did not testify. Defendant took the stand and testified in his defense regarding the incident.

At the conclusion of the hearing, the Court issued its findings regarding the challenged sentencing enhancements and the applicable guideline range under the Sentencing Guidelines. Based on these findings, the Court determined that Defendant's total offense level was 31 and his criminal history category was V, resulting in an advisory guideline range of imprisonment of 168-210 months. However, the statutory maximum prison sentence was 120 months, which the Court found to be an appropriate sentence upon consideration of the factors set forth in 18 U.S.C. § 3553(a). The Court imposed sentence accordingly and entered a written judgment on February 24, 2010. As previously stated, Defendant did not appeal.

**B.      Grounds for Relief**

In his original § 2255 Motion, Defendant requests relief solely from his sentence. He contends his prison sentence exceeded the statutory maximum for the offense and is unconstitutional under *United States v. Booker*, 543 U.S. 220 (2005), and other cases, because it was based on facts not proved beyond a reasonable doubt.[2] Defendant states that his attorney argued incorrectly at sentencing that the trial judge could determine the facts used to enhance Defendant's sentence by a preponderance of the evidence and, as a result of this error, Defendant was sentenced to a term of imprisonment greater than the statutory maximum otherwise applicable to his offense. Defendant

---

[2] Defendant also cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004).

also argues that the sentencing decision was based on inadmissible evidence. Liberally construing the Motion, Defendant may have asserted a claim that he received ineffective assistance of counsel at sentencing. However, Defendant's Motion is silent regarding his guilty plea, except to state affirmatively that his plea of guilty to violating 18 U.S.C. § 922(g)(1) "is correct." *See* Def.'s Motion [Doc. No. 47] at 2. Also, Defendant recounts in the Motion his version of events and admits he "retrieved a shotgun" during an altercation with the victim. *See id*. at 3.[3]

In his Traverse, Defendant apparently attempts to amend his Motion to claim that he received ineffective assistance of counsel with respect to his guilty plea. Specifically, Defendant asserts that defense counsel "negligently" counseled him to plead guilty to an offense that did not apply under newly alleged facts, namely, that Defendant "did not have the firearm in his physical possession or control." *See* Def.'s Traverse [Doc. No. 56] at 3. Defendant contends for the first time that he did not "use the firearm in a manner that can be construed to have been used 'in and affecting interstate commerce.'" *See id*. Defendant makes a conclusory allegation that "but for the negligence on the part of defense counsel, [Defendant] would not have pled guilty to the charges and would have proceeded to trial." *See id*. at 4. Defendant also asserts that counsel failed to advise him that he could receive a maximum prison sentence of ten years; Defendant states he "expected to be sentenced to not more than five years" and he "very likely would have proceeded to trial" if he had "known that he was going to receive, not merely could receive, the maximum penalty." *See id*. at 7. Finally, Defendant also argues a new theory that defense counsel was ineffective at sentencing by failing to object to violations of *Crawford v. Washington*, 541 U.S. 36 (2004), with respect to the testimony of the case agents.

---

[3] Unlike later filings in the case, Defendant's Motion contains a sworn declaration under penalty of perjury pursuant to 28 U.S.C. § 1746. *See id*. at 7.

Upon consideration, the Court finds that the Traverse asserts an untimely claim of ineffective assistance regarding Defendant's guilty plea. The one-year limitation period for filing a § 2255 motion runs from "the date on which the judgment of conviction becomes final." *See* 28 U.S.C. § 2255(f)(1).[4] As previously noted in the case, Defendant's judgment became final when the time for filing an appeal expired on March 10, 2010, and thus, the one-year period extended through March 10, 2011. *See* Order 3/4/11 [Doc. No. 50] at 2 n.3. Defendant's Traverse was filed May 31, 2011, well outside the one-year period. The court of appeals has held that an untimely amendment or supplement to a § 2255 motion may relate back to the date of the original filing pursuant to Fed. R. Civ. P. 15(c), only if it clarifies or amplifies a claim or theory in the original motion but not if it asserts a new claim or theory "totally separate and distinct, 'in both time and type' from those raised in [the] original motion." *See United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000). The Supreme Court has authorized relation back where "the original and amended petitions state claims that are tied to a common core of operative facts." *See Mayle v. Felix*, 545 U.S. 644, 663 (2005). Under either formulation, the Court finds that Defendant's belated assertion of a claim that counsel's ineffectiveness caused him to plead guilty is a new claim that does not relate back to the date of filing Defendant's Motion for Relief.[5] *See*, *e.g.*, *United States v. Torres*, 25 F. App'x 797, 802 (10th Cir. 2002) (claim of ineffectiveness at sentencing was unrelated to claim of ineffective

---

[4] A later date may apply under circumstances not present in this case. *See* 28 U.S.C. § 2255(f).

[5] However, Defendant's new contention that counsel was ineffective at sentencing by failing to raise a *Crawford* issue is not separate and distinct from the claim raised in the original Motion regarding the evidence used against him at sentencing and, if not barred by Defendant's waiver, would be appropriate for consideration.

assistance with guilty plea, and did not relate back). Therefore, Defendant's new claim will not be considered, except as pertinent to the enforceability of the plea agreement, discussed below.[6]

C.   **Waiver of Right to Collateral Challenge**

The government has moved to enforce the plea agreement and its unequivocal waiver of Defendant's right to "collaterally challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction." *See* Plea Agreement [Doc. No. 24], ¶ 8.a. Defendant specifically waived his right to challenge "his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case." *See id.* ¶ 8.b. The court of appeals has held "that a defendant may expressly waive, in a plea agreement, the right to bring a § 2255 collateral attack on his sentence or conviction, that such a waiver must be knowingly and voluntarily made, and that a claim of ineffective assistance of counsel brought pursuant to § 2255 survives such a waiver <u>where it challenges the validity of the plea or the waiver</u>." *United States v. Cockerham*, 237 F.3d 1179, 1190-91 (10th Cir. 2001) (emphasis added). Accordingly, in deciding whether to enforce a waiver of a right of collateral attack, the court must determine: 1) whether the § 2255 motion falls within the scope of the waiver; 2) whether the defendant knowingly and voluntarily waived his right to bring a § 2255 motion; and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (addressing

---

[6] Alternatively, if the Court were to reach this new claim, it is clear that the existing record refutes Defendant's allegations that he did not understand he could receive the maximum sentence applicable to the offense of conviction and that there was an inadequate factual basis for his plea. "Further, defendant's 'mere allegation that he would have insisted on trial but for his trial counsel's errors, although necessary, is ultimately insufficient to entitle him to relief. Rather, we look to the factual circumstances surrounding the plea to determine whether [defendant] would have proceeded to trial.'" *United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002) (quoting *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001). Defendant has alleged no facts suggesting that he had any defense to the charge of violating § 922(g)(1).

appellate waivers); *Cockerham*, 237 F.3d at 1183 (same constraints on a waiver of appeal rights apply to a waiver of collateral attack rights).

In this case, the claims asserted in Defendant's § 2255 Motion strictly concern his sentence and the manner in which it was imposed. These claims plainly fall within the scope of the waiver if it was knowingly and voluntarily made. The only challenge to the validity of the waiver appears in the allegations of Defendant's Traverse that counsel erroneously advised him to plead guilty to an offense that could not be established and failed to advise him that he could receive the maximum sentence of ten years' imprisonment. These new allegations are plainly refuted by the record and Defendant's sworn testimony during the change of plea hearing. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74, (1977). The "truth and accuracy" of a defendant's statements during the plea hearing "should be regarded as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of his Rule 11 statements." *Hedman v. United States*, 527 F.2d 20, 22 (10th Cir. 1975) (per curiam).

Defendant's statements and testimony at the hearing conducted on July 21, 2009, make clear that Defendant knowingly and voluntarily pled guilty to the Indictment. Contrary to Defendant's current allegations, he was specifically advised of the charge against him, the maximum possible punishment, and the waivers contained in the plea agreement, including the right to bring a collateral challenge. Defendant confirmed that he and his attorney had gone over, and he understood, all of the questions and answers of the plea petition, which included a statement of the maximum prison sentence. *See* Petition to Enter Guilty Plea [Doc. No. 25] at 4. The terms of the plea agreement

were summarized, and Defendant verified that the agreement contained his complete understanding and agreement with the government. Under examination by the prosecutor, Defendant testified that he was a convicted felon on the date of the offense, that he knowingly possessed the firearm and ammunition listed in the Indictment, and that all of these items were manufactured outside of Oklahoma and would have crossed state lines, or in interstate commerce, to come into Oklahoma. When asked, "[A]re you pleading guilty of your own free will because you are in fact guilty?" Defendant responded, "Yes, sir." *See* 7/21/09 Hr'g Tr. [Doc. No. 55-1], 14:22-24. In short, the existing record refutes any contention that Defendant did not understand the plea agreement or know the maximum sentence he could receive, and plainly establishes a factual basis for Defendant's plea of guilty to violating § 922(g)(1). The Court expressly found at the hearing that Defendant's guilty plea was knowing and voluntary. *See id*. 16:4-6

Finally, no circumstance alleged or supported by the record would establish a miscarriage of justice if Defendant's waiver is enforced. As defined by the court of appeals, a miscarriage of justice may occur "where the district court relied on an impermissible factor such as race, where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, where the sentence exceeds the statutory maximum, or where the waiver is otherwise unlawful." *See United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001); *see also Hahn*, 359 F.3d at 1327. Defendant has not alleged sufficient facts to support a finding that ineffective assistance of counsel rendered his waiver invalid; mere conclusory allegations are insufficient to support an assertion of ineffective assistance of counsel. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). There is no allegation that an impermissible factor was involved or that the

waiver was otherwise unlawful. Defendant received the statutory maximum sentence. Thus, the Court finds Defendant's waiver is enforceable and requires the dismissal of his § 2255 Motion.

**D.      Conclusion**

For these reasons, the Court finds that Defendant's § 2255 Motion is barred by the waiver of his right to bring a collateral challenge and, therefore, the Motion must be dismissed.

IT IS THEREFORE ORDERED that Defendant's Motion for Relief [Doc. No. 47] under 28 U.S. C. § 2255 is DISMISSED as set forth herein. Judgment shall be entered accordingly.

IT IS SO ORDERED this 14th day of October, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE